IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Leamon Bradley Todd, | ) | C/A No.  3:15-283-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| Senator Lindsey Graham; Venus Enterprises; | ) | |
| Cheri Magazine, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Leamon Bradley Todd ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights and copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.    **Factual and Procedural Background**

The Complaint alleges that Plaintiff holds the "copyrights for Venus Magazine" and he wishes to close this magazine down "due to too much Pagan idolatry." (ECF No. 1 at 3.)  Plaintiff names Cheri Magazine for plagiarism of some unspecified material and alleges that Senator Lindsey Graham failed to collect proceeds from George W. Bush for "Ethanol."  (Id.)  Plaintiff seeks monetary damages and injunctive relief.  (Id. at 5.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This court is required to liberally construe pro se complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



### B.    Analysis

#### 1.    Constitutional Claims

Plaintiff asserts his right to "Freedom of Religion" in this case. (ECF No. 1 at 4.) Thus, the Complaint is construed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff provides no factual allegations to demonstrate a violation of his First Amendment rights, or any other constitutional provision, by the defendants. Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim and provide sufficient factual information to put defendants on notice of their wrongdoing. See Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678-79. As Plaintiff's conclusory assertion that he has a right to freely exercise his religion is insufficient to show a First Amendment violation under § 1983, the defendants are entitled to summary dismissal from the Complaint's constitutional claims.

Moreover, Plaintiff fails to demonstrate that two of the defendants, Venus Enterprises and Cheri Magazine, acted under color of state law. "Anyone whose conduct is 'fairly attributable to the



state' can be sued as a state actor under § 1983." Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012). To determine whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated.  See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000).  However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1983); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001).  In this case, the Complaint identifies Venus Enterprises and Cheri Magazine as private businesses and provides no facts to show that they are state actors amenable to suit under § 1983.

Additionally, while Defendant Graham could otherwise be a proper defendant under § 1983, he is entitled to absolute immunity from suit for any legislative activities performed.  See United States v. Jefferson, 546 F.3d 300, 310 (4th Cir. 2008) (discussing the protections afforded to legislators under the Speech or Debate Clause).  Thus, to the extent Plaintiff's claims against Defendant Graham stem from his performance of official duties as a member of the United States Senate, this defendant is entitled to absolute immunity from suit.

## 2.    Copyright Claims

The Copyright Act grants copyright protection to "original works of authorship fixed in any tangible medium of expression."  17 U.S.C. § 102(a).  To establish a claim of copyright infringement, a plaintiff must show:  (1) ownership of a valid copyright, and (2) that the defendant copied the original elements of the copyrighted work. Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991); Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988).  In this case, Plaintiff alleges that he holds the copyright to Venus Magazine, but provides a

document reflecting the copyright claimant as Jean Pierre.  (ECF No. 1 at 3; ECF No. 1-1 at 1.)  Plaintiff appears to allege that he and Jean Pierre are the same person.  (Id.)

However, even if the court presumes, without deciding, that Plaintiff controls the copyright to Venus Magazine, the Complaint provides insufficient factual allegations to show that any defendant made an unauthorized copy of protected material.  See Nelson-Salabes, Inc. v. Morningside Dev., 284 F.3d 505, 513 (4th Cir. 2002) (holding that to show copyright infringement, a plaintiff "must establish that the defendant engaged in unauthorized copying of the work protected by the copyright").  In the present Complaint, Plaintiff's sole allegation of copyright infringement appears to be an assertion of "plagiarism" by Cheri Magazine of some unspecified work.  (ECF No. 1 at 3.)  As this conclusory allegation fails to demonstrate copyright infringement by any of the named defendants, Plaintiff's claims under the Copyright Act are subject to summary dismissal.  Cf. Moore v. Lightstorm Entm't, 992 F. Supp. 2d 543, 550 (D. Md. 2014) (noting that speculation and conjecture are insufficient to establish the elements of copyright infringement).

## III.    Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 17, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).)